**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| NEW RAVENNA, LLC,<br><br>*Plaintiff,*<br><br><br>v.<br><br><br>MOZAICO, INC.,<br><br>*Defendant.*<br><br>Serve:  Legalinc Corporate Services<br>        651 N. Broad Street, Suite 201<br>        Middletown, DE 19709 | Case No. 2:22-cv-465 |

**COMPLAINT**

Plaintiff New Ravenna, LLC ("Plaintiff" or "New Ravenna"), by and through its attorneys, for its Complaint against Defendant Mozaico, Inc. ("Defendant" or "Mozaico"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      New Ravenna brings this action seeking monetary and injunctive relief for Defendant's intentional infringement of New Ravenna's copyrighted mosaic tile designs that it sells for installation in customers' homes through a national and international distributor network.

2.      Defendant Mozaico also sells mosaic tile designs, but instead through various e-commerce websites, such as Amazon, Houzz, and its own website.  Since at least 2015, Mozaico has engaged in a pattern and practice of copying New Ravenna's unique mosaic tile designs and

passing them off as their own without New Ravenna's permission.   Despite multiple warnings from New Ravenna's counsel—and even a written agreement by Mozaico to cease and desist this practice—Mozaico continues to willfully and intentionally infringe New Ravenna's valuable intellectual property.

3.     New Ravenna has created and copyrighted several of its popular mosaic tile designs. As a result, New Ravenna is the owner of all copyrights in the designs that are the subject of this lawsuit.  Since the creation of its copyright mosaic tile designs, New Ravenna has manufactured, distributed, advertised, publicly displayed, and sold its copyrighted designs and achieved great success as one of the leading designers and manufacturers of mosaic tile designs in the United States.  New Ravenna advertises and promotes its designs on its website and through its distribution network.  New Ravenna owns the federal registrations for the copyrighted works at issue in this lawsuit.

4.     New Ravenna seeks all remedies afforded by the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. §§ 101 et seq., including preliminary and permanent injunctive relief, statutory damages, Defendant's profits from Defendant's willfully infringing conduct, reasonable attorney fees, and other monetary relief.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.

6.     This Court has personal jurisdiction over Defendant for multiple reasons.  First, Defendant has intentionally and willfully infringed the mosaic tile designs developed, owned,

and copyrighted by a Virginia business.  Moreover, it has done this on multiple occasions since 2015, knowing that it is targeting and infringing the intellectual property rights of a Virginia entity.  Second, on information and belief, Defendant has marketed its infringing products to customers in the Commonwealth of Virginia through its own website and third-party websites that are likely to be visited by Virginia residents.  Finally, Defendant voluntarily entered into a contract with New Ravenna, a Virginia resident.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), because this is a judicial district in which the Defendant may be found and this Court has personal jurisdiction over the Defendant.  Additionally, Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

8.     Plaintiff is a Virginia limited liability company whose principal place of business is in Exmore, Virginia.  Plaintiff is a citizen of the Commonwealth of Virginia.

9.     On information and belief, Defendant is a corporation that is incorporated in the State of Delaware and has its principal place of business in Naperville, Illinois.

## FACTS

### A.     New Ravenna's Copyrighted Designs

10.     New Ravenna is America's premier designer and manufacturer of ceramic, stone and glass mosaic tiles for both residential and commercial installations.  New Ravenna mosaic tile designs are sold through nearly 200 exclusive designer showrooms across the country and internationally.  New Ravenna mosaics have been featured in national architectural and interior

design magazines and are found in homes, restaurants, hotels, casinos, and businesses around the world.

11.     New Ravenna is the exclusive owner of all copyrights and other intellectual property rights in the mosaic tile designs and marks that appear on the New Ravenna website at www.newravenna.com (the "New Ravenna Website").

12.     As a result of New Ravenna's exclusive and widespread advertising, use and promotion over more than thirty years, New Ravenna's distinctive mosaic tile designs are widely recognized by consumers as a designation of New Ravenna's goods and services, and New Ravenna has developed extensive goodwill in its designs.

13.     New Ravenna advertises and sells its designs throughout the United States and internationally.   For example, New Ravenna has a dealer network that spans thirty-seven (37) states and four (4) countries.

14.     Plaintiff copyrights and vigorously defends its intellectual property interest in its designs, because they are the lifeblood of its business.   At issue in this case, are five designs created and registered by New Ravenna: Chinoiserie, Reina, Avila, Stratum, and Reptile (collectively the "Copyrighted Works").

**A.  CHINOISERIE**

15.     New Ravenna created three mosaic tile designs titled "Chinoiserie" in 2013 and the design was first fixed in a tangible medium at that time.   As a result, New Ravenna owns all copyrights in the Chinoiserie designs. True and correct reproductions of the Chinoiserie designs are below:







16.     The Chinoiserie designs are wholly original, and New Ravenna is the exclusive owner of all rights, title, and interest, including all copyrights, in the Chinoiserie designs.

17.     Plaintiff is the owner of valid and subsisting United States Copyright Registration Nos. VA0002111243, VA0002111244, and VA0002111246 for the Chinoiserie designs, all issued by the United States Copyright Office on March 11, 2018. Attached as **Exhibit 1** are true and correct copies of the registrations for New Ravenna's Registration Nos. VA0002111243, VA0002111244, and VA0002111246.

18.     New Ravenna has published the Chinoiserie designs on the New Ravenna Website, as well as in promotional and sales materials provided to its distribution network around the country.  This promotion material, in turn, is available to end consumers who may purchase the designs to be installed in their homes or businesses.  This publication and distribution has been a tremendous success for New Ravenna as demonstrated through its sales of these designs to its customers.

19.     The Chinoiserie designs are of significant value to New Ravenna because it sells the Chinoiserie designs to customers around the country and internationally.  Additionally these

designs enhance New Ravenna's standing and reputation in the marketplace as a leader in mosaic tile designs.

## B.  REINA

20.     New Ravenna created a mosaic design titled "Reina" in 2013 and the design was first fixed in a tangible medium at that time.  As a result, New Ravenna owns all copyrights in the Reina design. True and correct reproductions of the Reina design is below:



21.     The Reina design is wholly original, and New Ravenna is the exclusive owner of all rights, title, and interest, including all copyrights, in the Reina design.

22.     Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA0002164004 for the Reina design, issued by the United States Copyright Office on July 18, 2019. Attached as **Exhibit 2** is a true and correct copy of the registration certificate for New Ravenna's Registration No. VA0002164004.

23.     New Ravenna has published the Reina design on the New Ravenna Website, as well as in promotional and sales materials provided to its distribution network around the country.  This promotion material, in turn, is available to end consumers who may purchase the

designs to be installed in their homes or businesses.  This publication and distribution has been a tremendous success for New Ravenna as demonstrated through its sales of thee designs to its customers.

24.     The Reina design is of significant value to New Ravenna because it sells the Reina design to customers around the country and internationally.  Additionally, this design enhances New Ravenna's standing and reputation in the marketplace as a leader in mosaic tile designs.

## C.  AVILA

25.     New Ravenna created a mosaic design titled "Avila" in 2013 and the design was first fixed in a tangible medium at that time.  As a result, New Ravenna owns any and all copyrights in the Avila design. True and correct reproductions of the Avila design is below:





26.     The Avila design is wholly original, and New Ravenna is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Avila design.

27.     Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA0002085265 for the Avila design, issued by the United States Copyright Office on April 19, 2017. Attached as **Exhibit 3** is a true and correct copy of the registration for New Ravenna's Registration No. VA0002085265.

28.     New Ravenna has published the Avila design on the New Ravenna Website, as well as in promotional and sales materials provided to its distribution network around the country.  This promotion material, in turn, is available to end consumers who may purchase the designs to be installed in their homes or businesses.  This publication and distribution has been a tremendous success for New Ravenna as demonstrated through its sales of thee designs to its customers.

29.     The Avila design is of significant value to New Ravenna because it sells the Avila design to customers around the country and internationally.  Additionally, this design enhances New Ravenna's standing and reputation in the marketplace as a leader in mosaic tile designs.

### D.  STRATUM

30.     New Ravenna created a mosaic design titled "Stratum" in 2022 and the design was first fixed in a tangible medium at that time.  As a result, New Ravenna owns all copyrights in the Stratum design. A true and correct reproduction of the Stratum design is below:



31.     The Stratum design is wholly original, and New Ravenna is the exclusive owner of all rights, title, and interest, including all copyrights, in the Stratum design.

32.     Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA0002318549 for the Stratum design, issued by the United States Copyright Office on September 14, 2022. Attached as **Exhibit 4** is a true and correct copy of the registration for New Ravenna's Registration No. VA0002318549.

33.     New Ravenna has published the Avila design on the New Ravenna Website, as well as in promotional and sales materials provided to its distribution network around the country.  This promotion material, in turn, is available to end consumers who may purchase the designs to be installed in their homes or businesses.  This publication and distribution has been a

tremendous success for New Ravenna as demonstrated through its sales of thee designs to its customers.

34.     The Stratum design is of significant value to New Ravenna because it sells the Stratum design to customers around the country and internationally.  Additionally, this design enhances New Ravenna's standing and reputation in the marketplace as a leader in mosaic tile designs.

### E.  REPTILE

35.     New Ravenna created a mosaic design titled "Reptile" in 2022 and the design was first fixed in a tangible medium at that time.  As a result, New Ravenna owns all copyrights in the Reptile design. True and correct reproductions of the Stratum design is below:



36.     The Reptile design is wholly original, and New Ravenna is the exclusive owner of all rights, title, and interest, including all copyrights, in the Reptile design.

37.     Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA0002321306 for the Reptile design, issued by the United States Copyright Office on

September 14, 2022. Attached as **Exhibit 5** is a true and correct copy of the registration for New Ravenna's Registration No. VA0002321306.

38.     New Ravenna has published the Reptile design on the New Ravenna Website, as well as in promotional and sales materials provided to its distribution network around the country.  This promotion material, in turn, is available to end consumers who may purchase the designs to be installed in their homes or businesses.  This publication and distribution has been a tremendous success for New Ravenna as demonstrated through its sales of thee designs to its customers.

39.     The Reptile design is of significant value to New Ravenna because it sells the Stratum design to customers around the country and internationally.  Additionally, this design enhances New Ravenna's standing and reputation in the marketplace as a leader in mosaic tile designs.

**B.      Defendant's Pattern of Infringing Conduct**

40.     On information and belief, Defendant is engaged in the business of selling mosaic tile designs through its own website and through other third-party retailers, such as Amazon.com.

41.     Defendant has published and reproduced the Copyrighted Works on its own e-commerce website, social media websites, and the websites of its e-commerce partners as its own unique designs to be sold for its own profit and benefit.

42.     Defendant's use of the Copyrighted Works is without New Ravenna's authorization, consent, or knowledge, and without any compensation to New Ravenna.

43.     Since Defendant began exploiting the Copyrighted Works, it has reproduced, offered for sale, and, on information and belief, sold the Copyrighted Works as its own and in

direct competition with New Ravenna.  On information and belief, Defendant continues to offer the Copyrighted Works for sale on its website as its own original work.

44.     Defendant's copying and exploitation of the Copyrighted Works was and continues to be willful, and in disregard of, and with indifference to, the rights of Plaintiff. The intentional, infringing conduct was undertaken to reap the creative benefit and value associated with the Copyrighted Works. By failing to obtain Plaintiff's authorization to use the Copyrighted Works or to compensate Plaintiff for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Works, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

45.     Defendant's current infringing conduct regarding the Copyrighted Works is part of a long history of misappropriating New Ravenna's copyrighted mosaic tile designs for its own profits, despite being on notice—and expressly acknowledging—that they are infringing New Ravenna's copyrights.

46.     On May 12, 2015, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's unauthorized reproduction, publication, and sale of New Ravenna designs, including Reina and Avila, two of the Copyrighted Works.  Attached hereto as **Exhibit 6** is a true and correct copy of New Ravenna's counsel's May 12, 2015 cease and desist letter to Defendant.

47.     In response to New Ravenna's May 12, 2015 letter, Defendant signed and returned an agreement in which it promised "never to use the New Ravenna Designs, trade dress, trademarks, or other intellectual property" (the "May 2015 Agreement").  Attached hereto as **Exhibit 7** is a true and correct copy of the May 2015 Agreement.

48.     Then, on January 16, 2018, Plaintiff's counsel sent another cease and desist letter to Defendant objecting to Defendant's unauthorized reproduction, publication, and sale of New Ravenna designs, including Reina and Chinoiserie, two of the Copyright Works.   Attached hereto as **Exhibit 8** is a true and correct copy of New Ravenna's counsel's January 16, 2018 cease and desist letter to Defendant.

49.     Once again, on April 6, 2020, Plaintiff's counsel sent yet another cease and desist letter to Defendant objecting to Defendant's unauthorized reproduction, publication, and sale of New Ravenna designs, including Avila, one of the Copyrighted Works.   Attached hereto as **Exhibit 9** is a true and correct copy of New Ravenna's counsel's April 6, 2020 cease and desist letter to Defendant.

50.     To date, New Ravenna has received no response to its April 6, 2020 cease and desist letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in New Ravenna's counsel's cease and desist letter.

51.     Despite advertising itself as an innovator in mosaic art, Defendant has instead continued to use New Ravenna's original and copyrighted mosaic tile designs and pass them off as its own.

52.     For example, Defendant has and is continuing to advertise the Reptile and Stratum designs as their own on their Instagram page.   Regarding its copy of New Ravenna's copyrighted Reptile design, Mozaico stated: "Our Natural Stones Displayed In A Unique Way ! Swipe Left For More About This Product."   A true and correct copy of this Instagram post is attached as **Exhibit 10**.

53.     Likewise, regarding its copy of New Ravenna's copyrighted Stratum design, Mozaico stated: "Unique Mosaic Design Like Never Before."  A true and correct copy of this Instagram post is attached as **Exhibit 11**.

54.     Defendant also advertises infringing copies of New Ravenna's designs on e-commerce sites, such as Houzz.  For example, Defendant has started advertising a 35" x 35" copy of New Ravenna's Chinoiserie design for sale for $1,026 on Houzz.com.  Additionally, Defendant has started advertising another version of New Ravenna's Chinoiserie design for sale for $1,214 on Houzz.com.  True and correct copies of these Houzz listings are attached as **Exhibit 12**.

55.     Additionally, Defendant also now advertises infringing copies of New Ravenna's copyrighted Avila and Reina designs for sale on Houzz.com.  It is currently offering 24" x 24" versions of Reina and Avila for $521 each.  True and correct copies of these Houzz listings are attached as **Exhibit 13**.  Moreover, Defendant advertises infringing copies of New Ravenna's Avila designs on its own website, www.mozaico.com.

56.     As a result of Defendant's actions described above, New Ravenna has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction and sale of the Copyrighted Works.  Defendant has never accounted to or otherwise paid New Ravenna for its use of the Copyrighted Works.

## COUNT ONE
## Federal Copyright Infringement - Chinoiserie
### (17 U.S.C. § 501)

57.     New Ravenna repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

58.     The Chinoiserie designs are original mosaic tile designs containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. New Ravenna is the exclusive owner of rights under copyright in and to the Chinoiserie designs.  New Ravenna owns a valid copyright registration for the Chinoiserie designs, attached as **Exhibit 1.**

59.     New Ravenna's registration of the Chinoiserie designs creates a presumption that the Chinoiserie copyrights are valid and enforceable.

60.     Defendant had access to New Ravenna's registered Chinoiserie designs through their publication on the New Ravenna Website.

61.     Defendant has reproduced the original elements of the registered Chinoiserie designs and sold designs that are substantially similar to the original elements of New Ravenna's copyrighted Chinoiserie designs without New Ravenna's permission.  Through this unlawful conduct and the actions alleged in this Complaint, Defendant has directly infringed New Ravenna's exclusive rights in the Chinoiserie designs in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

62.     Each new instance of Defendant's publication of and advertising of the Chinoiseries designs, as alleged above, on its own constitutes a new act of infringement by Defendant.

63.     Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of New Ravenna's rights in the Chinoiserie designs, and has enabled Defendant illegally to obtain profit therefrom.

64.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant

to 17 U.S.C. § 504(b), New Ravenna is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Chinoiserie designs and an accounting of and a constructive trust with respect to such profits.

65.     Alternatively, New Ravenna is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

66.     New Ravenna further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

67.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, New Ravenna has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Chinoiserie designs. New Ravenna therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT TWO
### Federal Copyright Infringement - Reina
### (17 U.S.C. § 501)

68.     New Ravenna repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

69.     The Reina design is an original mosaic design containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. New Ravenna is the exclusive owner of rights under copyright in and to the Chinoiserie designs. New Ravenna owns a valid copyright registration for the Reina design, attached as **Exhibit 2.**

70.     New Ravenna's registration of the Reina design creates a presumption that the Reina copyright is valid and enforceable.

71.     Defendant had access to New Ravenna's registered Reina design through its publication on the New Ravenna Website.

72.     Defendant has reproduced the original elements of the registered Reina design and sold designs that are substantially similar to the original elements of New Ravenna's copyrighted Reina design without New Ravenna's permission.  Through this unlawful conduct and the actions alleged in this Complaint, Defendant has directly infringed New Ravenna's exclusive rights in the Reina design in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

73.     Each new instance of Defendant's publication of and advertising of the Reina design, as alleged above, on its own constitutes a new act of infringement by Defendant.

74.     Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of New Ravenna's rights in the Reina design, and has enabled Defendant illegally to obtain profit therefrom.

75.     As a direct and proximate result of Defendant's infringing conduct alleged herein, New Ravenna has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), New Ravenna is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Reina design and an accounting of and a constructive trust with respect to such profits.

76.     Alternatively, New Ravenna is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

77.     New Ravenna further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

78.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, New Ravenna has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Reina design. New Ravenna therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

### COUNT THREE
### Federal Copyright Infringement - Avila
### (17 U.S.C. § 501)

79.     New Ravenna repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

80.     The Avila design is an original mosaic design containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. New Ravenna is the exclusive owner of rights under copyright in and to the Chinoiserie designs. New Ravenna owns a valid copyright registration for the Avila design, attached as **Exhibit 3.**

81.     New Ravenna's registration of the Avila design creates a presumption that the Reina copyright is valid and enforceable.

82.     Defendant had access to New Ravenna's registered Avila design through its publication on the New Ravenna Website.

83.     Defendant has reproduced the original elements of the registered Avila design and sold designs that are substantially similar to the original elements of New Ravenna's copyrighted Avila design without New Ravenna's permission.  Through this unlawful conduct and the actions

alleged in this Complaint, Defendant has directly infringed New Ravenna's exclusive rights in the Avila design in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

84.     Each new instance of Defendant's publication of and advertising of the Avilia design, as alleged above, on its own constitutes a new act of infringement by Defendant.

85.     Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of New Ravenna's rights in the Avila design, and has enabled Defendant illegally to obtain profit therefrom.

86.     As a direct and proximate result of Defendant's infringing conduct alleged herein, New Ravenna has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), New Ravenna is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Avila design and an accounting of and a constructive trust with respect to such profits.

87.     Alternatively, New Ravenna is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

88.     New Ravenna further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

89.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Avila design. New Ravenna therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT FOUR
### Federal Copyright Infringement - Stratum
### (17 U.S.C. § 501)

90.     New Ravenna repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

91.     The Stratum design is an original mosaic design containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. New Ravenna is the exclusive owner of rights under copyright in and to the Chinoiserie designs. New Ravenna owns a valid copyright registration for the Stratum design, attached as **Exhibit 4.**

92.     New Ravenna's registration of the Stratum design creates a presumption that the Reina copyright is valid and enforceable.

93.     Defendant had access to New Ravenna's registered Stratum design through its publication on the New Ravenna Website.

94.     Defendant has reproduced the original elements of the registered Stratum design and sold designs that are substantially similar to the original elements of New Ravenna's copyrighted Stratum design without New Ravenna's permission.  Through this unlawful conduct and the actions alleged in this Complaint, Defendant has directly infringed New Ravenna's exclusive rights in the Stratum design in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

95.     Each new instance of Defendant's publication of and advertising of the Stratum design, as alleged above, on its own constitutes a new act of infringement by Defendant.

96.     Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of New Ravenna's rights in the Stratum design, and has enabled Defendant illegally to obtain profit therefrom.

97.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Stratum design and an accounting of and a constructive trust with respect to such profits.

98.     Alternatively, New Ravenna is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

99.     New Ravenna further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

100.    As a direct and proximate result of the Defendant's infringing conduct alleged herein, New Ravenna has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Stratum design. New Ravenna therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT FIVE**
**Federal Copyright Infringement - Reptile**
**(17 U.S.C. § 501)**

101.    New Ravenna repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

102.    The Reptile design is an original mosaic design containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

New Ravenna is the exclusive owner of rights under copyright in and to the Reptile design. New Ravenna owns a valid copyright registration for the Reptile design, attached as **Exhibit 5.**

103. New Ravenna's registration of the Reptile design creates a presumption that the Reina copyright is valid and enforceable.

104. Defendant had access to New Ravenna's registered Reptile design through its publication on the New Ravenna Website.

105. Defendant has reproduced the original elements of the registered Reptile design and sold designs that are substantially similar to the original elements of New Ravenna's copyrighted Reptile design without New Ravenna's permission. Through this unlawful conduct and the actions alleged in this Complaint, Defendant has directly infringed New Ravenna's exclusive rights in the Reptile design in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

106. Each new instance of Defendant's publication of and advertising of the Reptile design, as alleged above, on its own constitutes a new act of infringement by Defendant.

107. Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of New Ravenna's rights in the Reptile design, and has enabled Defendant illegally to obtain profit therefrom.

108. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Reptile design and an accounting of and a constructive trust with respect to such profits.

109.    Alternatively, New Ravenna is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's willful infringing conduct, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

110.    New Ravenna further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

111.    As a direct and proximate result of the Defendant's infringing conduct alleged herein, New Ravenna has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Reptile design. New Ravenna therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT SIX**
**Breach of Contract**
**(Virginia Common Law)**

112.    New Ravenna repeats and realleges paragraphs 1 through 111 hereof, as if fully set forth herein.

113.    The May 2015 Agreement constitutes a valid and enforceable contract between the New Ravenna and Defendant.

114.    In the May 2015 Agreement, Defendant promised to cease infringing, *inter alia*, New Ravenna's Reina and Avlia designs.  Defendant further promised to never use any of New Ravenna's intellectual property ever again.

115.    As alleged above, Defendant has breached this contractual obligation by continuing to copy and use New Ravenna's mosaic tile designs, including the Copyrighted Works.

116.    New Ravenna has been damaged as a result of Defendant's breach of the May 2015 Agreement, because Defendant has misappropriated New Ravenna's intellectual property and improperly sold this property for its benefit and to the detriment of New Ravenna.

117.    New Ravenna's damages to be proven at trial, on information and belief, exceed $75,000.

WHEREFORE, New Ravenna requests judgment against Defendant as follows:

1.   That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.   That Defendant has breached the May 2015 Agreement and its promise to cease and desist from using New Ravenna's copyrighted mosaic tile designs.

3.    Granting an injunction preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

a.      manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and

b.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

4.      That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales and any

other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

5.    That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining inventory of the Copyrighted Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

6.    That Defendant, at its own expense, be ordered to recall any Copyrighted Works from any distributors, retailers, vendors, or others that have distributed the Copyrighted Works on Defendant's behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

7.    Awarding New Ravenna:

a.    Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

b.    damages sustained by New Ravenna as a result of Defendant's infringing conduct, in an amount to be proven at trial;

c.    should New Ravenna so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

26

d.      New Ravenna's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

e.      New Ravenna's damages, to be proven at trial, for Defendant's breach of contract caused by its continued unauthorized copying and sale of New Ravenna's designs, including the Copyrighted Works.

8.      Awarding New Ravenna interest, including pre-judgment and post-judgment interest, on the foregoing sums.

9.      Awarding such other and further relief as the Court deems just and proper.

JURY DEMAND

New Ravenna demands a trial by jury on all issues so triable.

Respectfully Submitted,

NEW RAVENNA, LLC.

*By Counsel*

__/s/_____
Ryan V.P. Dougherty (VSB No. 78444)
William R. Poynter (VSB No. 48672)
KALEO LEGAL
4456 Corporation Lane
Suite 135
Virginia Beach, Virginia 23462
Tele: (757) 238-6383
Fax: (757) 304-6175
wpoynter@kaleolegal.com
rdougherty@kaleolegal.com